**26 So.2d 8**

**STANDARD SUPPLY & HARDWARE CO., Inc., v. HUMPHREY BROS. et al.**

No. 37728.

March 18, 1946.

Rehearing Denied April 22, 1946.

Leslie P. Beard, of New Orleans, Helm and Simon, of New Iberia, and K. C. Barkley, of Houston, Tex., for plaintiff and appellant.

Roland B. Howell and Sanders & Miller, all of Baton Rouge, for defendants-appellees.

PONDER, Justice.

This is an appeal from a judgment dissolving a writ of attachment.

The plaintiff, Standard Supply and Hardware Company, Inc., brought suit against Humphrey Brothers and Oil Incomes Inc. to recover $21,767.85, for materials furnished to George E. Lilly and Lilly-Thompson Drilling Corporation and used in the drilling of two oil wells for the defendants. The plaintiff attached defendants' well that was producing oil.

The defendants, owners of mineral, oil and gas leases, entered into two contracts with George E. Lilly and Lilly-Thompson Drilling Corporation, drilling contractors, whereby the contractors drilled two oil wells on two contiguous tracts of land for the defendants. One contract called for the drilling of a well on the property of one, Foret, and the other contract called for the drilling of a well on the property owned by one, Ortego, the defendants' lessors. The well drilled on the Foret tract was completed as a dry hole in the month of September, 1941. The well drilled on the Ortego tract was brought in as a commercial producer of oil during the month of November, 1941.

The drilling contractor filed a lien during the month of November, 1941, under the provisions of Act 232 of 1916. The

defendants failed to record a bond as required by Act 232 of 1916 and the plaintiff alleges that the failure to file the bond renders the defendants liable for the value of the supplies furnished. The defendants did not formally accept the work in compliance with the provisions of Act 232 of 1916 and the time for filing plaintiff's lien had not expired when it was filed on September 7, 1943 under the provisions of the act. The plaintiffs are asserting their lien under the provisions of Act 232 of 1916 and claim that the owners are indebted to them in the amount sued for. The plaintiff alleges that the defendants are non-residents of the state.

The defendants move to dissolve the attachment on the ground that Act 100 of 1940 supersedes Act 232 of 1916 and alleges that the plaintiff's lien was not timely filed under the provisions of Act 100 of 1940.

The motion to dissolve was submitted on plaintiff's petition, the affidavit and certain exhibits, including a list of the supplies furnished. Upon hearing, the lower court gave judgment dissolving the attachment and the plaintiff has appealed.

From the written reasons of the trial judge, it appears that he arrived at the conclusion that Act 232 of 1916 was impliedly repealed and that Act 100 of 1940 governs the entire subject matter. The trial court was of the opinion that plaintiff's lien was not timely filed within the

provisions of Act 100 of 1940. Consequently, he dissolved the attachment.

Primarily a determination of this appeal depends on the sufficiency of the allegations in plaintiff's petition and the affidavit in alleging an indebtedness on the part of the defendants.

Act 232 of 1916 is designed among other things to protect the furnishers of materials. It provides that every contract for $1,000 or more, entered into for the drilling of an oil well, shall be reduced to writing, signed and recorded, in the parish where the work is done, before the work begins and not later than 30 days after the date of the contract. The stated purpose of the act is to require the owner to secure bond from the contractor for the protection of parties at interest as they may appear and for the surety of the bond to stand in the place of the defaulting contractor. The bond required is one-half the amount of the contract, which is to be attached to and recorded with the contract. The condition of the bond is the performance of the contract and the payment of the furnishers of materials, etc. When the owner fails to exact a bond, or fails to have it recorded in the manner required, the owner is then deemed to be in default and liable to the same extent as a surety would have been and the materialmen's lien is made effective on the well. The materialmen's claim must be filed after the completion of the work or default of the contractor with

the owner and a statement recorded within 30 days after the registry of the notice of the owner of his acceptance of the work. The delay for filing the lien does not begin to run until the notice of acceptance of the owner has been recorded.

█ From the allegations of plaintiff's petition, the defendant did not require bond from the contractor and no notice of acceptance was recorded at the time plaintiff filed its lien. Such being the case, the lien was timely filed under the provisions of Act 232 of 1916.

Act 161 of 1932 grants a lien to furnishers of materials used in the drilling of an oil well where there is no contract or the contract is not recorded and provides that, when it is filed and recorded where the property is located within 60 days from date of delivery, the lien is superior to all others except those enumerated. Act 145 of 1934 grants a similar lien with similar provisions for its enforcement, but extends the privilege to cover additional property. Act 100 of 1940, while containing similar provisions and similar means of enforcement of the lien, grants a privilege on additional property and requires the filing of the lien within 90 days after the last date of the delivery of the supplies.

These later acts contain a clause to the effect that laws or parts of laws that are in conflict are repealed, but neither of the acts specifically repeal Act 232 of 1916 or any other act.

█ This brings us to the question of whether the subsequent acts repeal Act 232 of 1916 by implication. Repeals by implication are not favored by law.

The provisions of Act 232 of 1916 requiring contracts of $1,000 or more to be reduced to writing and recorded does not conflict with the provisions of the subsequent acts. The requirement of bond from the contractor does not conflict with any provision in the subsequent acts.

On this day we are handing down an opinion in the case of Glassell, Taylor & Robinson v. John W. Harris Associates, Inc., of Louisiana et al., 26 So.2d 1,[1] construing certain provisions of Act 298 of 1926 granting liens and privileges to laborers and furnishers of materials, etc., under building contracts. It is interesting to note that Act 262 of 1916 granting certain persons liens under building contracts and Act 232 of 1916 granting liens under drilling contracts contain similar provisions. These acts were companion statutes, one applying to building contracts and the other applying to drilling contracts, both being designed to protect the furnisher of materials, etc.

Act 298 of 1926, designed among other things to protect the interest of the furnisher of materials under building contracts, specifically repeals Act 262 of 1916,

---

[1] 209 La. 957.

but it carries the provision requiring the furnishing of bond similar to that required in Act 262 of 1916. Act 298 of 1926 contains further provisions for the protection of the furnishers of materials similar to those contained in Act 100 of 1940. In other words, the act, 298 of 1926, dealing with building contracts requires the contract to be in writing and recorded with a bond, which the owner is required to secure from the contractor as was required of the drilling contractor in Act 232 of 1916 and also grants a lien and privilege where there is no contract or the contract is not recorded. The act therefore grants the furnishers of materials, etc., under a building contract an additional remedy and protection similar to that granted under Act 100 of 1940 dealing with drilling contracts.

We see no valid reason why the statutes dealing with drilling contracts should be so construed as to deny the furnisher of materials the protection afforded the furnisher of materials under building contracts. We cannot believe the Legislature ever intended to grant less protection to furnishers of materials under drilling contracts than that granted to furnishers of materials under building contracts.

We are further supported in this opinion by the fact that Act 232 of 1916 has never been specifically repealed and we find nothing in the subsequent acts to indicate any intention on the part of the Legislature to do so. Moreover, the provisions complained of are not inconsistent with the provisions of Act 100 of 1940. We, therefore, conclude that the defendants are liable for the debt to the same extent that the surety of the contractor's bond would have been if the defendant had complied with the statute and that, under the provisions of the statute, the plaintiff has a lien on the defendants' well and equipment.

It is contended that the allegations in the plaintiff's petition and affidavit show that the materials furnished were used to drill the well that resulted in a dry hole and that the lien could not be imposed on the producing well. We cannot agree that the petition and affidavit show with any degree of certainty that the materials were used in drilling the well that resulted in a dry hole. However, were this the fact, it would not prevent the plaintiff from asserting his lien on the producing well. The wells were drilled on contiguous tracts of land by the same contractors for this defendant. The materials were bought on an open account from the same company. The statement of account does not designate which well the materials and supplies were used in drilling. Under such circumstances the lien could be imposed on the producing well, which was done in this case. Mercantile National Bank of Dallas v. J. Thos. Driscoll, Inc., 194 La. 935, 195 So. 497.

The plaintiff urges two other grounds why the attachment should be sustained:

(1) That the debt was created through the agent of the defendants; (2) that under a certain agreement with the plaintiff and drilling contractors the defendants had assumed the obligation. Since we have arrived at the conclusion that the defendants are liable for the debt under the provisions of Act 232 of 1916, there is no necessity for us to pass on these questions.

For the reasons assigned, the judgment of the lower court dissolving the writ of attachment is reversed and set aside. The attachment is reinstated and the case is remanded to the lower court to be proceeded with consistent with the views herein expressed. The cost of this appeal to to be paid by the defendants and all other costs to await the final disposition of the cause.

HAMITER, J., concurs in the decree.