**SMITH v. ANDERSON BROS. CORP. et al.**

Civ. A. No. 3272.

United States District Court
W. D. Louisiana, Alexandria Division.

April 4, 1952.

Polk & Culpepper, Alexandria, La., for plaintiff.

Jones, Kimball & Everett, Lake Charles, La., Oliver & Digby, Monroe, La., for defendant.

DAWKINS, Chief Judge.

This matter is before the Court on a motion to dismiss the complaint for failure to allege legal grounds for relief.

The petition, in substance, alleges that defendant, Anderson Brothers Corporation (hereafter called Anderson), contracted with Transcontinental Gas Pipe Line Corporation, a Delaware corporation (herein called Continental), "to construct and lay a pipe line * * * through the parishes of Allen, Beauregard and Calcasieu, Louisiana", and the former employed complainant, both by written and verbal agreements, to clear and construct "the right of way for a pipe line for the defendant" contractor; that the sum of $9,495.83 was due under the written contract and the balance was "due * * * for services rendered, materials and labor furnished in clearing portions of the said right of way at the solicitation and request of and for the defendant Anderson * * *"; that neither the contract between defendants nor those between plaintiff and Anderson were recorded in said parishes, but that complainant had "caused to be recorded" therein "the lien and privilege as subcontractor

and a furnisher of labor, services and material, a copy whereof has been served upon the defendants * * * as provided by law". There was also included in the demand an item of $661.98 for certain tools. The prayer was for judgment in solido against Anderson and Transcontinental for the entire sum of $22,092.52. The balance of $9,495.83 due under the written contract between plaintiff and Anderson, it is stated, has been paid.

■ Undoubtedly the demand against Anderson, with whom the alleged oral agreement was made, clearly states, as a matter of allegation, a claim for relief. It is true that there is no prayer for the recognition of a lien, but this does not affect the claim for the work done under oral agreement.

As to Continental, the petition discloses clearly that the contracts for the work were made with Anderson, an independent contractor, and it would seem the only way plaintiff could state a claim against the former was to point out some statute creating that liability. He apparently relies upon the General Building Law (Act 298 of 1926, as amended) requiring the owner and contractor to commit their agreement to writing, the latter to give bond as therein provided for the protection of subcontractors, laborers and materialmen, and to record both in Mortgage Records before the work begins, in default of which the owner becomes personally liable. However, the courts of Louisiana, in construing the General Building Law, have said that it applies to constructions on top of the ground. Hayes Lumber Co. v. H. M. Jones Drilling Co., 177 La. 626, 148 So. 899. LSA–Revised, Statutes 9:4801, et seq. Act 298 of 1926, as amended by Act 281 of 1946, declares that subcontractors, laborers and materialmen, among others, shall have a "privilege for the payment in principal and interest * * * upon the land and improvements * * *" for such work and materials done and furnished *"in connection with the erection, construction, repair or improvement of any building, structure or other immovable property * * *."* (Emphasis by the writer.)

Section 9:4802 provides in detail for the reduction to writing and recording of the contract between the owner and principal contractor "before the date on which the work is to commence * * *." If the bond proves to be "insufficient in amount or not to have a proper and solvent surety, or if no bond has been furnished * * * the owner shall be personally liable to" subcontractors, laborers and materialmen who record and serve their claims as provided in the statute. LSA–R.S. 9:4803 (Sec. 6 of Act 298 of 1926, LSA–R.S. 9:4806. This same section declares that "every person having a claim against" the contractor "shall serve upon the owner a sworn detailed statement * * * showing the total amount of his claim * * * by registered mail or personal service and shall record" it "in the office of the Clerk of Court or Recorder of Mortgages * * * which service and recordation shall be made not later than thirty days after" recording in the same office "of notice of acceptance by the owner of the said work, or notice by the owner of the default * * of the * * * person undertaking such work. * * * If, at the expiration of said period of thirty days, there are no such claims recorded, the Clerk of Court or Recorder of Mortgages, shall, upon the written demand of the owner * * * cancel and erase * * * the inscription * * * except as to the contractor * * and all liability of said owner for labor and material * * * shall cease * * *."

Putting aside for the present the question of whether the subject matter of this suit is covered by the statute, it is noted that the complaint does allege that the contract between Anderson and Transcontinental "was not recorded" in the parishes where the work was to be performed as required. It also alleges that the complainant has caused to be recorded "* * * a lien and privilege as subcontractor * * * a copy whereof has been duly served upon the defendants herein, all in the form and manner as provided by law." If it be true that the contract between the owner and the principal contractor was not reduced to writing and recorded with a sufficient bond, then the owner became personally

liable to the extent provided in the statute. See authorities cited in footnotes to Sec. 9 :4806.

As pointed out by the Louisiana Supreme Court in Standard Supply & Hardware Co., Inc. v. Humphrey Bros., 1946, 209 La. 979, 26 .So.2d 8, 10, Act 262 of 1916 covering building contracts and Act 232 of the same year "granting liens under drilling contracts contain similar provisions. These acts were companion statutes * * * both being designed to protect the furnisher of materials, * * *." That court referred to the opinion in Glassell, Taylor & Robinson v. John W. Harris Associates, Inc., 209 La. 957, 26 So.2d 1, handed down on the same day construing Act 298 of 1926, holding the owner personally liable to subcontractors, materialmen, etc., where the contract and bond required thereunder had not been properly executed and recorded. It had previously been held in Hayes Lumber Company v. H. M. Jones, 1933, 177 La. 626, 148 So. 899, 900, that Act 262 of 1916 and 298 of 1926 did not apply to drilling oil and gas wells, but "only to constructions on top of the ground, whether upon land leased or not leased, and does not, therefore, relate to the drilling of oil and gas wells, which, by their nature, [were] constructions made underground. Calatex Oil & Gas Company v. Smith, 175 La. 678, 144 So. 243."

■ The question here is as to whether the allegations of fact as to the nature of the work performed, i. e., clearing of a right of way for a pipe line, bring the case within the purview of either building contracts as covered by Act 298 of 1926, or the statute dealing with the drilling of oil wells, Act 100 of 1940. The first, as appears from the quoted language, gives a privilege to subcontractors, laborers and furnishers of material "in connection with the erection, construction, repair or improvement of any building, structure or other immovable property". Can the language thus quoted be said to cover work of the nature involved here, to wit, the clearing of a pipe line right of way running through three parishes, in view of the strict construction required where liens or contracts in derogation of common right are involved, such as making the owner personally liable to those with whom he has no contractual relations? The Act 172 of 1928, LSA–R.S. 9 :4961, consisting of one short section, provided:

"That laborers and workingmen on buildings, streets, railroads, canals, ditches and other similar works, as well as those employed in drilling and operating oil or gas wells, when the services of such laborers and workingmen are engaged by the proprietor, or any agent of the proprietor * * * shall have a first privilege upon the buildings, other works, wells, as enumerated above, upon which their labor has been bestowed."

This latter act came closer in its coverage to pipe lines than any other, but, along with other similar provisions, was repealed by Act 200 of 1950.

■ The principle of strict construction or interpretation of language such as we have here is so well established that it is hardly necessary to cite authorities, but is recognized and emphasized in the cases cited above. In order to hold that clearing of a right of way of the character involved here is covered by Act 298 of 1926, it would be necessary to say that it is included in the words thus emphasized "in connection with * * * improvement * * *(of) other immovable property * * *." Under the rule of ejusdem generis such terms following enumeration of particular things are applicable only to those of the same general nature. See the wealth of cases cited in 14 Words and Phrases, page 191 Can the clearing of a right of way be said to be of the same general nature as "the erection, construction, repair or improvement of any building or structure"? It is believed that the answer must be in the negative when dealing with cases requiring strict construction as here.

The motion to dismiss as to Continental should be sustained, and overruled as to Anderson.

Proper decree should be presented.